## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ELIZABETH HUCK, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: |
| LEONOR COLIN, individually, and MARY KAY | ) | |
| INC., a Corporation, | ) | |
| | ) | Removed from Circuit Court of Cook |
| Defendants, | ) | County, Illinois: |
| | ) | Case No.: 2016 L 2558 |
| v. | ) | |
| | ) | |
| GELCO CORPORATION, a Corporation, | ) | |
| | ) | |
| Respondents in Discovery. | ) | |

## LEONOR COLIN AND MARY KAY INC.'S NOTICE OF REMOVAL

Defendants, Leonor Colin and Mary Kay Inc., by their attorney, Johner T. Wilson III of Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. §1441(a) and (b), 28 U.S.C. §1446 and 28 U.S.C. § 1332(a), hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this request, Defendants respectfully states:

1.      On March 10, 2016, plaintiff, Elizabeth Huck, commenced a civil action in the Circuit Court of Cook County, Illinois, Case No. 2016 L 002558, naming Leonor Colin and Mary Kay Inc. as party defendants. Gelco Corporation is not a named defendant, but a respondent in discovery.[1]

---

[1] Gelco Corporation's principal place of business is in Minnesota and therefore is a citizen of the State of Minnesota.

2.     This litigation arises out of an alleged motor vehicle accident involving plaintiff and Leonor Colin, which occurred in the Village of South Barrington, Illinois near the intersection of Barrington and Algonquin Roads.

3.     Plaintiff alleged damages in a sum in excess of the jurisdictional amount to establish the minimal jurisdictional requirements for filing in the Law Division of the Circuit Court of Cook County, Illinois.  A copy of plaintiff's Complaint is attached hereto as Exhibit A.  Illinois law does not permit demand for a specific sum and further permits recovery of damages in excess of the jurisdictional amount claimed.  Plaintiff demands a judgment for severe, debilitating and permanent injuries, past and future pain and suffering, past and future medical bills, and lost earnings.  On information and belief, plaintiff has had considerable treatment for facial, soft tissue and lower extremity injuries, was unable to work for several weeks after the date of the incident and seeks lost wages for the period of time that she has been unable to work.  Therefore, on good faith information and belief, plaintiff is seeking damages in excess of $75,000.00.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (stating "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

4.     Mary Kay Inc. was served with summons by process server on March 16, 2016, and Leonor Colin was served on March 25, 2016.  A true and correct copy of the summons is attached hereto as Exhibit B.

5.     Plaintiff has alleged in the complaint that she was a citizen of the State of Illinois at the time of the filing of the Cook County action.

6.     Leonor Colin is a citizen of the State of Wisconsin.

7.     Mary Kay Inc. is a Delaware corporation with its principal place of business in Texas and therefore is a citizen of the State of Texas.

8.     There is complete diversity of citizenship between plaintiff and defendants, and therefore diversity jurisdiction pursuant to the provisions of 28 U.S.C. Section 1332(a)(1) exists in the United States District Court.  This Court is the United States District Court for the Northern District of Illinois, Eastern Division, encompassing Cook County, Illinois, the county where the state court action is currently pending.  Defendants expressly reserve the right to raise all defenses and objections including lack of jurisdiction, lack of venue, and lack of proper service of process in this action after the action has been removed to this Court.

WHEREFORE, Defendants, LEONOR COLIN and MARY KAY INC., respectfully pray that this matter, having been properly removed, proceed before the United States District Court for the Northern District of Illinois, Eastern Division.

LEWIS BRISBOIS BISGAARD & SMITH

By:   s/ Johner T. Wilson III
One of the Attorneys for
Leonor Colin and Mary Kay Inc.

Johner T. Wilson III, Attorney No. 6278797
Johner.Wilson@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street
Suite 300
Chicago, Illinois 60661
T: 312.345.1718

4811-9312-0560.1

3

## CERTIFICATE OF SERVICE

I, Johner T. Wilson III, an attorney, hereby certify that on **April 15, 2016**, I caused the foregoing **Notice of Removal** to be served on the attorney of record by depositing the same in the United States Post Office Box at 550 West Adams Street, Chicago, Illinois, before the hour of 11:59 p.m., addressed as follows:

Scott R. Clewis
The Law Offices of Thomas J. Popovich, P.C.
849 North Franklin Street, Suite 1409
Chicago, Illinois 60610
T: 312.929.2476

    s/ Johner T. Wilson III
      Johner T. Wilson

EXHIBIT A

STATE OF ILLINOIS    )
                      ) SS.        Firm I. D. No. 30037
COUNTY OF COOK    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ELIZABETH HUCK,           )
                            )
        Plaintiff,        )
            v.            )
                            )      Case No.
LEONOR COLIN, individually, and  )
MARY KAY INC., a Corporation,   )
                            )
        Defendants,    )
                            )
            v.            )
                            )
GELCO CORPORATION, a     )
Corporation,               )
                            )
      Respondent in Discovery.  )

## COMPLAINT AT LAW

### COUNT I
### (Huck v. Colin and Mary Kay Inc.)

NOW COMES the Plaintiff, ELIZABETH HUCK, by and through her attorneys, THE

LAW OFFICES OF THOMAS J. POPOVICH, P.C., and complaining of the Defendant,

LEONOR COLIN, individually, and MARY KAY INC., a Corporation, and in support thereof,

states as follows:

      1.     That the Plaintiff, ELIZABETH HUCK, is a resident of the City of Chicago,

Cook County, Illinois.

      2.     That on March 13, 2014, and at all times relevant, MARY KAY INC. was a

Corporation in good standing duly incorporated under the laws of the State of Illinois, and doing

business in the State of Illinois, including Cook County, Illinois.

1

3.      Defendant, MARY KAY INC. is an alleged tortfeasor in this lawsuit and is subject to the jurisdiction of the Cook County Court, and venue is proper in Cook County, Illinois.

4.      Defendant, LEONOR COLIN, is an alleged tortfeasor in this lawsuit and is subject to the jurisdiction of the Cook County Court, and venue is proper in Cook County, Illinois.

5.      That on March 13, 2014, and at all times relevant, Barrington Road, was a public highway generally extending in a northerly and southerly direction in the vicinity of its intersection with Algonquin Road in the City of South Barrington, Cook County, Illinois.

6.      That on March 13, 2014, and at all times relevant, Algonquin Road, was a public highway generally extending in an easterly and westerly direction in the vicinity of its intersection with Barrington Road in the City of South Barrington, Cook County, Illinois.

7.      That on March 13, 2014, and at all times relevant, Defendant, LEONOR COLIN, operated a motor vehicle in southbound direction on Barrington Road in the vicinity of its intersection with Algonquin Road in the City of South Barrington, Cook County, Illinois.

8.      That on March 13, 2014, Defendant, LEONOR COLIN, was an agent and/or employee of Defendant, MARY KAY INC., a Corporation, and was operating her motor vehicle within the scope of her employment and/or agency with Defendant, MARY KAY INC., a Corporation, at the time of the occurrence.

9.      That on March 13, 2014, Plaintiff, ELIZABETH HUCK, was operating a motor vehicle in a northbound direction on Barrington Road in the vicinity of its intersection with Algonquin Road, in the City of South Barrington, Cook County, Illinois.

10.     That on March 13, 2014, and at all times relevant, the Defendant, LEONOR COLIN, executed a left turn from southbound Barrington Road onto eastbound Algonquin Road.

2

11. That on March 13, 2014 and at all times relevant, Defendant, LEONOR COLIN, executed the left turn directly into the automobile operated by the Plaintiff, ELIZABETH HUCK, at the intersection of Barrington Road and Algonquin Road, in the City of South Barrington, Cook County, Illinois.

12. That on March 13, 2014, and at all times relevant, a collision occurred between the motor vehicle operated by the Defendant, LEONOR COLIN, and the motor vehicle operated by the Plaintiff, ELIZABETH HUCK, in the intersection of Barrington Road and Algonquin Road, in the City of South Barrington, Cook County, Illinois.

13. That on March 13, 2014, Defendant, LEONOR COLIN, was operating her motor vehicle in the capacity of agent and/or employee of Defendant, MARY KAY INC., a Corporation, and in furtherance of the business of Defendant, MARY KAY INC., a Corporation.

14. That on March 13, 2014, and at all times relevant, the Defendant, LEONOR COLIN, individually, and MARY KAY INC., a Corporation, by and through its agent, and/or employee, Defendant, LEONOR COLIN, owed a duty to Plaintiff, ELIZABETH HUCK, to exercise ordinary and reasonable care in the operation of her motor vehicle.

15. That on March 13, 2014, and at all times relevant, the Defendant, LEONOR COLIN, individually, and MARY KAY INC., a Corporation, by and through its agent, and/or employee, Defendant, LEONOR COLIN, violated that duty and was negligent in one or more of the following ways:

    a.    Failed to keep a proper and sufficient lookout for vehicles upon the roadway;

    b.    Failed to see and observe the vehicle operated by ELIZABETH HUCK when it could and should have been seen and observed;

    c.    Failed to yield the right of way to ELIZABETH HUCK's motor vehicle when her vehicle was approaching from the opposite direction and was so close as to constitute an immediate hazard, in violation of 625 ILCS 5/11-902;

3

    d.      Failed to reduce her speed to avoid collision with ELIZABETH HUCK's motor vehicle in violation of 625 ILCS 5/11-601(a);

    e.      Failed to take evasive action to avoid a collision;

    f.      Executed a left hand turn when it was not safe to do so.

16.    That as a proximate result of one or more of the aforementioned negligent acts and/or omissions by the Defendant, LEONOR COLIN, individually, and MARY KAY INC., a Corporation, by and through the acts, and/or omissions of their agent and/or employee, Defendant, LEONOR COLIN, the Plaintiff, ELIZABETH HUCK, has sustained severe, debilitating and permanent injuries; has experienced and will in the future experience pain, suffering and disability; has become obligated for large sums of money for medical care and will in the future become obligated for large sums of money for medical care; and has lost money that otherwise would have been earned by her.

WHEREFORE, the Plaintiff, ELIZABETH HUCK, demands judgment be entered against the Defendants, LEONOR COLIN, individually, and MARY KAY INC., a Corporation, by and through the acts, and/or omissions of their agent and/or employee, Defendant, in an amount of money in excess of $50,000.00 exclusive of interests and costs.

## COUNT II
### (Huck v. Gelco Corporation)
### (Respondent in Discovery)

NOW COMES the Plaintiff, ELIZABETH HUCK, by and through her attorneys THE LAW OFFICES OF THOMAS J. POPOVICH, P.C., and brings this action against Respondent in Discovery, GELCO CORPORATION, a Corporation, and states as follows:

1.    Plaintiff re-alleges paragraphs 1-16 of Count I as paragraphs 1-16 of Count II.

4

17.   That GELCO CORPORATION, through its employees, servants or agents, possess knowledge and information that is relevant to the facts alleged in Plaintiff's Complaint at Law, and are being named as a Respondent in Discovery pursuant to 735 ILCS 5/2-402.

18.   That the Respondent in Discovery has information essential to the determination of who, if anyone, in addition to the Defendant, should be properly named as a Defendant in this cause of action.

WHEREFORE, the Plaintiff, ELIZABETH HUCK, pursuant to 735 ILCS 5/2-402, names GELCO CORPORATION, as a Respondent in Discovery.

Respectfully submitted,

THE LAW OFFICES OF
THOMAS J. POPOVICH, P.C.

BY: _____

SCOTT R. CLEWIS, Attorney for Plaintiff

THE LAW OFFICES OF
THOMAS J. POPOVICH, P.C. (#30037)
849 N. Franklin Street, Suite 1409
Chicago, Illinois 60610
(312) 929-2467 Phone
(312) 929-2476 Fax

5

EXHIBIT B

| | |
|---|---|
| 2120-Served | 2121-Served |
| 2220-Not Served | 2221-Not Served |
| 2320-Served By Mail | 2321-Served By Mail |
| 2420-Served By Publication | 2421-Served By Publication |

**SUMMONS**                                        **2-81CCG-1**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | | |
|---|---|---|---|
| ELIZABETH HUCK, | ) | | |
| | ) | | |
| Plaintiff, | ) | | 2016L002558 |
| v. | ) | | CALENDAR/ROOM C |
| | ) | Case No. | TIME 00:00 |
| | ) | | PI Motor Vehicle |
| LEONOR COLIN, individually, and | ) | | |
| MARY KAY INC., a Corporation, | ) | | |
| | ) | | |
| Defendants, | ) | | |
| | ) | | |
| v. | ) | PLEASE SERVE: | CT Corporation System |
| | ) | | 208 S. LaSalle Street |
| GELCO CORPORATION, a | ) | | Suite 814 |
| Corporation, | ) | | Chicago, IL 60604 |
| | ) | | Registered Agent for |
| Respondent in Discovery. | ) | | Defendant, Mary Kay Inc. |

### S U M M O N S

To Each Defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court (located in the Richard J. Daley Center, <u>Room # 801</u>, Chicago, Illinois 60602), within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DOROTHY BROWN
CLERK OF CIRCUIT COURT

MAR 1 0 2016

WITNESS _____

_____
Clerk of Court

| | |
|---|---|
| Atty. No.: Firm No. 30037 | |
| Name: The Law Offices of Thomas J. Popovich | |
| Atty. For: Plaintiff | Date of Service: _____ |
| Address: 849 N. Franklin St., Suite 1409 | (To be inserted by officer on copy left with defendant or other |
| City: Chicago, Illinois 60610 | person) |
| Telephone: (312) 929-2467 | |

2120-Served                                          2121-Served
2220-Not Served                                .2221-Not Served
2320-Served By Mail                        2321-Served By Mail
2420-Served By Publication               2421-Served By Publication
**SUMMONS**                                          **2-81CCG-1**

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ELIZABETH HUCK, | ) | **2016L002558** |
| | ) | **CALENDAR/ROOM C** |
| Plaintiff, | ) | **TIME 00:00** |
| v. | ) | **PI Motor Vehicle** |
| | ) | Case No. |
| LEONOR COLIN, individually, and | ) | |
| MARY KAY INC., a Corporation, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | PLEASE SERVE:   CT Corporation System |
| | ) | 208 S. LaSalle Street |
| GELCO CORPORATION, a | ) | Suite 814 |
| Corporation, | ) | Chicago, IL 60604 |
| | ) | Registered Agent for |
| Respondent in Discovery. | ) | Defendant, Mary Kay Inc. |

### S U M M O N S

To Each Defendant:

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the Clerk of this Court (located in the Richard J. Daley Center, <u>Room # 801</u>, Chicago, Illinois 60602), within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

    To the Officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so indorsed. This Summons may not be served later than 30 days after its date.

                                                  **DOROTHY BROWN**   **MAR 1 0 2016**
                                                CLERK OF CIRCUIT COURT
                                WITNESS

Atty. No.:   Firm No. 30037
Name:       **The Law Offices of Thomas J. Popovich**
Atty. For:   Plaintiff                          Date of Service:
Address:    **849 N. Franklin St., Suite 1409**        (To be inserted by officer on copy left with defendant or other
City:         **Chicago, Illinois 60610**               person)
Telephone: (312) 929-2467